Filing # 138126819 E-Filed 11/08/2021 04:30:34 PM

## IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
## SMALL CLAIMS DIVISION

**Ruth Barrios,**

     *Plaintiff,*

     v.

**AFNI, Inc.,**

     *Defendant.*

Case No: _____

**JURY TRIAL DEMANDED**

### COMPLAINT AND JURY TRIAL DEMAND

COMES NOW the Plaintiff, **Ruth Barrios** ("**Ms. Barrios**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, **AFNI, Inc.** ("**AFNI**"), stating as follows:

### PRELIMINARY STATEMENT

1.     This is an action for damages which do not exceed $8,000.00, brought by Ms. Barrios against AFNI for violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et seq.* ("**FDCPA**"), and the *Florida Consumer Collection Practices Act*, Section 559.55, et seq., Florida Statutes ("**FCCPA**").

### JURISDICTION AND VENUE

2.     Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCCPA, Section 559.77(1), Florida Statutes, and Section 34.01, Florida Statutes.

3.     AFNI is subject to the provisions of the FDCPA and the FCCPA and to the jurisdiction of this Court, pursuant to Section 48.193, Florida Statutes.

4.     Venue is proper in Hillsborough County, Florida, pursuant to Section 47.051, Florida Statutes, because the acts complained of were committed and/or caused by AFNI therein.

## PARTIES

### Ms. Barrios

2.      **Ms. Barrios** is a natural person residing in Brandon, Hillsborough County, Florida, and a *Consumer* as defined by the FDCPA, 15 U.S.C. § 1692a(3), and the FCCPA, Section 559.55(8), Florida Statutes.

### AFNI

3.      **AFNI** is an Illinois corporation with a primary business address of **1310 Martin Luther King Dr., Bloomington, IL 61701.**

4.      AFNI is registered to conduct business in the State of Florida, where its registered agent is **CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.**

5.      AFNI is a *Debt Collector* within the meaning of the FDCPA, 15 U.S.C. §1692a(6), and the FCCPA, Section 559.55(7), Florida Statutes, in that it uses an instrumentality of interstate commerce, including postal mail and the internet, for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

6.      AFNI is licensed as a *Consumer Collection Agency* ("**CCA**") by the Florida Office of Financial Regulation, holding license number **CCA0900303**.

7.      As a licensed CCA, AFNI knows, or should know, the requirements of the FDCPA and the FCCPA.

## FACTUAL ALLEGATIONS

### The Alleged Debt

8.      Sometime prior to 2019, Ms. Barrios opened an account with a cable service provider, for personal satellite television.

9.     Around July 2019, Ms. Barrios allegedly became delinquent on the account (the "**Debt**" or "**alleged Debt**").

10.     The alleged Debt arose from services which were primarily for family, personal, or household purposes, *specifically* satellite television for personal and household use, and therefore meets the definitions of *Debt* under the FDCPA, 15 U.S.C. §1692a(5), and the FCCPA, Section 559.55(6), Florida Statutes.

11.     Sometime prior to March 2021, the cable service provider placed the Debt with Credence Resource Management, LLC ("**Credence**"), a Nevada-based debt collector, for collection.

12.     In May 2021, Credence began reporting the Debt, monthly, to the major *Credit Reporting Agencies* ("**CRAs**"), including Experian. **SEE PLAINTIFF'S EXHIBIT A.**

## Ms. Barrios' Dispute of the Debt

13.     On or around May 26, 2021, Ms. Barrios requested and obtained a copy of her consumer credit disclosure from Experian.

14.     Ms. Barrios noticed the tradeline reported by Credence, and she disputed the accuracy of Credence's report of the account to Experian.

15.     Experian, upon receipt of Ms. Barrios' dispute, sent Credence an *Automated Consumer Dispute Verification* ("**ACDV**") request through an online platform known as e-OSCAR and asked Credence to make a reasonable investigation into the dispute.

16.     Credence thus knew that Ms. Barrios disputed the Debt at least as early as May 2021.

17.   Credence, in response to Ms. Barrios' dispute, responded to the ACDV that the accuracy of the reported information *could not be* verified and thus requested that Experian delete its tradeline.

18.   Experian thereafter ceased reporting the Credence tradeline.

19.   A debt collector who becomes aware that a debt is disputed is required to include notice of dispute in all subsequent communications in connection with the collection of that debt. *See* 15 U.S.C. § 1692e(8).

## Disputed, Deleted Debt Re-Reported by AFNI

20.   On information and belief, Credence thereafter returned the Debt to the cable service provider, noting that Ms. Barrios disputed the account.

21.   The cable service provider then re-placed the Debt for collection with AFNI in or around September 2021.

22.   In October 2021, AFNI began reporting the Debt monthly to Experian. **SEE PLAINTIFF'S EXHIBIT B.**

23.   In its reports to Experian, AFNI failed to disclose that the Debt was disputed by Ms. Barrios.

24.   In AFNI's failure to disclose that the Debt was disputed, AFNI was, in essence, forcing Ms. Barrios to spend her time and effort repeatedly disputing a debt merely so that it would remain labeled as such, even though she has a right under the FDCPA to have debt collectors label a debt as disputed, and keep it so labeled, after one notice. *See* 15 U.S.C §1692e(8).

25.   AFNI knows that the more time a consumer has to spend dealing with a collection effort, the more likely they are to pay the debt, even if disputed.

26.     As such, AFNI knew, or should have known, that requiring a consumer to re-dispute the same debt would incentivize consumers to simply pay the debt, even if it was not actually owed.

27.     AFNI is a large debt collector and receives a considerable number of disputes concerning cable service debts which it reports to the CRAs.

28.     AFNI knew, when it received a portfolio of charged-off debts for collection from the cable service provider in September 2021, which included Ms. Barrios' purported Debt, it was not the first collection agency to be assigned the account.

29.     AFNI thus knew – or reasonably should have known – that a considerable number of the accounts had been previously disputed and had to be reported as such.

30.     On information and belief, AFNI has no policies in place to so much as even *ask* creditors like the cable service provider, who place debts for collection with it, whether the creditor was aware of any prior disputes by the relevant consumers.

31.     Assuming, *arguendo*, that the cable service provider failed to disclose to AFNI that the Debt was disputed, reliance on an original creditor's erroneous records is not a defense to an FDCPA action. *See Foster v. Franklin Collection Service,* Civil Action Number 5:17-cv-00008-TES M.D. GA 9-13-2018 (holding that *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011) is binding in the 11th Circuit, which "subjects debt collectors to liability even when violations are not knowing or intentional").

32.     AFNI's failure to disclose that the Debt was disputed materially damaged Ms. Barrios' credit scores.

33.     The failure to properly report a disputed debt *as disputed* creates a concrete injury-in-fact because the failure to disclose this information affects credit scores, meaning Ms. Barrios

suffered "a real risk of financial harm caused by an inaccurate credit rating." *Evans v. Portfolio Recovery Associates*, 889 F. 3d 337, 345 (7th Cir 2018).

34.     AFNI had no right to determine on its own whether the dispute was meritorious, since the FDCPA requires a debt collector to communicate a debt is disputed once known. See 15 U.S.C. § 1692e(8).

35.     The FDCPA at § 1692e(8) "does not require an individual's dispute be valid or even reasonable. Instead, the plaintiff must simply make clear that he or she disputes the debt." *DeKoven v. Plaza Assocs.*, 599 F.3d 578, 582 (7th Cir. 2010) ("[A] consumer can dispute a debt for 'no reason at all ....'").

36.     AFNI had no right to unilaterally nullify Ms. Barrios' previous dispute. *See*, *e.g.*, *Evans v. Portfolio Recovery Associates*, 889 F. 3d 337 (7th Cir 2018).

37.     Most commercially used credit scores, including most versions of FICO, the most commonly used credit scores in the United States, will disregard a collection tradeline reported with a *compliance condition code* ("**CCC**") indicating the consumer disputes the debt.

38.     Thus, AFNI's failure to report a disputed debt as disputed caused unfair, and undue, damage to Ms. Barrios' credit report and scores. "Put simply, the failure to inform a credit reporting agency that the debtor disputed his or her debt will always have influence on the debtor, as this information will be used to determine the debtor's credit score." *Id.*

39.     The impact on a consumer's credit score does not need to be significant to be material pursuant to the FDCPA. *Burr v. Evergreen Prof'l Recoveries, Inc.*, No. C19-949RSM (W.D. Wash. July 24, 2020).

**AFNI's Unauthorized Disclosures of Protected Information to Third Party**

40.     AFNI, in an effort to collect the Debt from Ms. Barrios, mailed Ms. Barrios multiple collection letters, including one sent on September 10, 2021. **SEE PLAINTIFF'S EXHIBIT C.**

41.     AFNI also sent a second letter to Ms. Barrios, dated October 22, 2021 (jointly, the "**Collection Letters**"). **SEE PLAINTIFF'S EXHIBIT D.**

42.     However, rather than prepare and mail the Collection Letters on its own, AFNI communicated information to a third-party, commercial mail house called CompuMail.

43.     AFNI disclosed highly personal information regarding Ms. Barrios and the Debt to CompuMail, including:

> a.  Ms. Barrios' status as a debtor;
>
> b.  The nature of the Debt;
>
> c.  The account number associated with the Debt; and,
>
> d.  The amount Ms. Barrios supposedly owed.

44.     CompuMail then populated some or all of this information into a pre-written template, printed, and mailed the letters to Ms. Barrios' residence in Hillsborough County, Florida.

45.     The term *Communication* is defined in the FDCPA, 15 U.S.C. §1692a(3), as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

46.     AFNI sent an electronic file containing information about Ms. Barrios and the purported Debt to CompuMail.

47.     Thus, AFNI's communications to CompuMail are *Communications* as defined by the FDCPA.

48.     AFNI's communications to CompuMail were in connection with the collection of a debt since it involved a disclosure of the Debt to a third party with instructions to produce collection letters and mail them to Ms. Barrios, the consumer, with the objective that the correspondence would motivate her to pay the alleged Debt.

49.     CompuMail is a distinct entity not owned by AFNI.

50.     CompuMail is neither a consumer reporting agency nor an attorney, as referenced in 15 U.S.C. § 1692c(b).

51.     Ms. Barrios never consented to having her personal and confidential information, concerning the Debt or otherwise, shared with any mail house.

52.     15 U.S.C. § 1692c(b) states:

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. (Emphasis added).

53.     CompuMail does not fall within any of the categories listed within 15 U.S.C. §1692c(b).

54.     Due to AFNI's communications to CompuMail, information about Ms. Barrios and the purported Debt, including her name, the original creditor's name, the current creditor's name, and the amount she supposedly owes, are all within possession of a third party not expressly listed within 15 U.S.C. § 1692c(b).

55.     If a debt collector "conveys information regarding the debt to a third party – informs the third party that the debt exists or provides information about the details of the debt – then the

debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

56.     Communications from debt collectors to mail houses are not exempt from the provisions of 1692c(b) and are "in connection with" the collection of a debt. *See Hunstein v. Preferred Collection & Mgmt. Servs.*, No. 8:19-cv-983 (11th Cir. April 21, 2021).

57.     AFNI devised this strategy of communicating to a third-party mail house so that it could churn out more collection letters than if it kept all of the work "in house."

58.     This mail house strategy allowed AFNI to generate more profit and gain an advantage over its debt collection competitors.

59.     In reckless pursuit of these business advantages, AFNI disregarded the known, negative effects that disclosing sensitive personal information to an unauthorized third party would have on a consumer.

60.     AFNI's unauthorized and prohibited communications caused Ms. Barrios, a consumer who highly values her privacy, significant emotional distress since her confidential, legally protected, personal information had been unlawfully disseminated to third parties.

61.     As a result of the AFNI's actions, Ms. Barrios has suffered damages, including lost financial opportunities, loss of credit, lower credit scores, significant emotional distress and aggravation, and damage to her reputation.

62.     Ms. Barrios has hired the aforementioned law firm to represent her in this matter and has assigned her right to fees and costs to such firm.

## COUNT I
## VIOLATIONS OF THE FDCPA – 15 U.S.C. § 1692e

63.     Ms. Barrios adopts and incorporates paragraphs 1 – 62 as if fully restated herein.

64.     AFNI violated **15 U.S.C. § 1692e** when it made false representations in attempts to collect a debt, when it reported to Experian, one of the largest CRAs in the country, that a disputed debt was not disputed.

65.     AFNI's actions render it liable for the above-stated violations of the FDCPA, and Ms. Barrios is therefore entitled to statutory damages up to $1,000.00 as well as other relief.

**WHEREFORE,** Ms. Barrios respectfully requests this Honorable Court enter judgment in her favor against AFNI, for:

a.      Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.      Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

c.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d.      Such other relief that this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE FDCPA – 15 U.S.C. § 1692e(10)

66.     Ms. Barrios adopts and incorporates paragraphs 1 – 62 as if fully restated herein.

67.     AFNI violated **15 U.S.C. § 1692e(10)** when it made false representations to attempt to collect the Debt when it reported to Experian, one of the largest CRAs in the country, that a disputed debt was not disputed.

68.     AFNI's actions render it liable for the above-stated violations of the FDCPA, and Ms. Barrios is therefore entitled to statutory damages up to $1,000.00 as well as other relief.

**WHEREFORE,** Ms. Barrios respectfully requests this Honorable Court enter judgment in her favor against AFNI, for:

a.    Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.    Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d.    Such other relief that this Court deems just and proper.

## COUNT III
### VIOLATIONS OF THE FDCPA – 15 U.S.C. § 1692e(2)(a)

69.    Ms. Barrios adopts and incorporates paragraphs 1 – 62 as if fully restated herein.

70.    AFNI violated **15 U.S.C. § 1692e(2)(a)** when it made false representations about the character and legal status of a debt when it reported to Experian, one of the largest CRAs in the country, that a disputed debt was not disputed.

71.    AFNI's actions render it liable for the above-stated violations of the FDCPA, and Ms. Barrios is therefore entitled to statutory damages up to $1,000.00 as well as other relief.

**WHEREFORE,** Ms. Barrios respectfully requests this Honorable Court enter judgment in her favor against AFNI, for:

a.    Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.    Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d.    Such other relief that this Court deems just and proper.

## COUNT IV
### VIOLATIONS OF THE FDCPA – 15 U.S.C. § 1692e(8)

72.    Ms. Barrios adopts and incorporates paragraphs 1 – 62 as if fully restated herein.

73.      AFNI violated **15 U.S.C. § 1692e(8)** when it communicated credit information which is known or which should be known to be false, when it reported to Experian, one of the largest CRAs in the country, credit information it knew was disputed, or which it reasonably should have known was disputed, without disclosure of dispute.

74.      AFNI's actions render it liable for the above-stated violations of the FDCPA, and Ms. Barrios is therefore entitled to statutory damages up to $1,000.00 as well as other relief.

**WHEREFORE,** Ms. Barrios respectfully requests this Honorable Court enter judgment in her favor against AFNI, for:

a.      Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.      Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

c.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d.      Such other relief that this Court deems just and proper.

<div align="center">

**COUNT V**
**VIOLATIONS OF THE FDCPA – 15 U.S.C. § 1692c(b)**

</div>

75.      Ms. Barrios adopts and incorporates paragraphs 1 – 62 as if fully restated herein.

76.      AFNI violated **15 U.S.C. § 1692c(b)** when it disclosed information about Ms. Barrios' purported debt to an unauthorized third-party mail house and the employees of that mail house in connection with the collection of the Debt.

77.      AFNI *intentionally* made these communications in order to gain an advantage over other debt collectors and generate additional profits.

78.      AFNI's actions render it liable for the above-stated violations of the FDCPA, and Ms. Barrios is therefore entitled to statutory damages up to $1,000.00 as well as other relief.

**WHEREFORE,** Ms. Barrios respectfully requests this Honorable Court enter judgment in her favor against AFNI, for:

a.      Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.      Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

c.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d.      Such other relief that this Court deems just and proper.

<div align="center">

**COUNT VI**
**VIOLATIONS OF THE FCCPA – Section 559.72(5), Florida Statutes**

</div>

79.      Ms. Barrios adopts and incorporates paragraphs 1 – 62 as if fully stated herein.

80.      AFNI violated **Section 559.72(5), Florida Statutes**, when it disclosed to CompuMail, a third party, information that would affect Ms. Barrios' reputation, specifically details about her purported unpaid bills. AFNI was aware that there was no legitimate business *need* to convey this information, since AFNI could easily have prepared and mailed the letters itself without any need to disclose the information to a third party.

81.      Instead, AFNI *intentionally decided* to disclose this information to CompuMail as part of its debt collection effort against Ms. Barrios because it allowed AFNI to gain a competitive advantage over the competition through increased profit margins.

82.      AFNI's conduct renders it liable for the above-stated violations of the FCCPA, and Ms. Barrios is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

**WHEREFORE,** Ms. Barrios respectfully requests this Honorable Court enter judgment against AFNI, for:

a.      Statutory damages of **$1,000.00**, pursuant to Section 559.77(2), Florida Statutes;

b.      Actual damages pursuant to Section 559.77(2), Florida Statutes;

<div align="center">

Page **13** of **18**

</div>

c.   Injunctive relief preventing AFNI from making any further communications to the unauthorized third party when attempting to collect a consumer debt;

d.   Reasonable costs and attorneys' fees pursuant to Section 559.77(2), Florida Statutes; and,

e.   Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on **November 8, 2021,** by:

**SERAPH LEGAL, P.A.**

/s/ *Brandon D. Morgan*
Brandon D. Morgan, Esq.
Florida Bar Number: 1015954
BMorgan@seraphlegal.com

/s/ *Thomas M. Bonan*
Thomas M. Bonan, Esq.
Florida Bar Number: 118103
TBonan@seraphlegal.com

1614 North 19th Street
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*

## ATTACHED EXHIBIT LIST

A    Ms. Barrios' Experian Consumer Disclosure, May 26, 2021 – Credence Tradeline, Excerpt
B    Ms. Barrios' Experian Consumer Disclosure, October 27, 2021 – AFNI Tradeline, Excerpt
C    AFNI's Collection Letter to Ms. Barrios, September 10, 2021, Excerpt
D    AFNI's Collection Letter to Ms. Barrios, October 22, 2021, Excerpt

# EXHIBIT A
## Ms. Barrios' Experian Consumer Disclosure, May 26, 2021 – Credence Tradeline, Excerpt



**experian**

RUTH A BARRIOS | Report number, ⬛ | May 26, 2021 | Print | Close window

## Print your report

Below is all the information currently in your credit report. The payment history guide and common questions will help explain your credit information. Print this page or write down your report number for future access.

**Address**
Experian
P.O. Box 9701 Allen, TX 75013

| | | | | |
|---|---|---|---|---|
| **Account name** | **Account number** | **Recent balance** | **Date opened** | **Status** |
| CREDENCE RESOURCE MANAGE | ⬛ | ⬛ as of 05/22/2021 | 03/2021 | Collection account. ⬛ past due as of May 2021. |
| 17000 DALLAS PKWY STE 204 DALLAS, TX 75248 | **Type** | **Credit limit or original amount** | **Date of status** | |
| 855 880 4791 | Collection | | 03/2021 | |
| **Address identification number** | **Terms** | | **First reported** | |
| 0074898000 | 1 Months | **High balance** | 05/2021 | |
| | | ⬛ | **Responsibility** | |
| **Original creditor** | **On record until** | **Monthly payment** | Individual | |
| ⬛ | Oct 2026 | ⬛ | | |
| | | **Recent payment amount** | | |
| | | ⬛ | | |

**Account history**

2021
May
⬛

Collection as of May 2021, May 2021

**Balance history**

The following data will appear in the following format:
Date: account balance / date payment received / scheduled payment amount / actual amount paid
May 2021: ⬛ / No data / No data / No data
The original amount of this account was ⬛

# EXHIBIT B
## Ms. Barrios' Experian Consumer Disclosure, October 27, 2021 –
## AFNI Tradeline, Excerpt

10/27/21, 11:01 AM                                    Experian - Access your credit report

RUTH BARRIOS  |  Report number ▮▮▮▮▮  |  October 27, 2021  |  Print  |  Close window

### Print your report

Below is all the information currently in your credit report. The payment history guide and common questions will help explain your credit information. Print this page or write down your report number for future access.

**Address**
Experian
P.O. Box 9701 Allen, TX 75013

Potentially negative items

No Public Record items appear on your report.

| Account name | Account number | Recent balance | Date opened | Status |
|---|---|---|---|---|
| AFNI, INC. | ▮▮▮▮▮ | ▮ as of 10/24/2021 | 09/2021 | Collection account. ▮ past due as of Oct 2021. |
| PO BOX 3427 BLOOMINGTON, IL 61702 833 901 2778 | Type Collection | Credit limit or original amount ▮ | Date of status 09/2021 | |
| Address identification number 0892068068 | Terms 1 Months | High balance ▮ | First reported 10/2021 | |
| Original creditor ▮ | On record until Oct 2026 | Monthly payment ▮ | Responsibility Individual | |
| | | Recent payment amount | | |

27/21, 11:01 AM                                    Experian - Access your credit report

$0

**Account history**

2021
Oct
C

# EXHIBIT C

## AFNI's Collection Letter to Ms. Barrios, September 10, 2021, Excerpt

afni.

**Contact Information**

Office Address:
1310 Martin Luther King Drive
PO Box 3517
Bloomington, IL 61702-3517

Monday—Friday 7am-7pm Central

www.afnicollections.com

(877) 428-0293

**WHAT IS MY ACCOUNT INFORMATION?**

Creditor: [redacted]

Creditor Account: [redacted]

Afni, Inc. Account: [redacted]

Balance Due: [redacted]

**HOW CAN I MAKE PAYMENT?**

Afni accepts payment made via check, money order, check by phone or credit card.

Pay online at www.afnicollections.com.

Call (877) 428-0293.

Mail in payment using payment stub below.

September 10, 2021 — Collection Notice

RUTH BARRIOS:

Your [redacted] account has been referred to Afni, Inc. for collection. Please take this opportunity to pay your account balance in full.

***Balance Due: $[redacted]

We are committed to helping you resolve your debt. If you cannot pay the full balance, we have many payment options that may meet your individual needs. Please contact us. We are here to help.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of the debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

***Additional Disclosures Below. Please Review***
*(Additional disclosures may also be printed on the back of letter.)*

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

All conversations with Afni may be recorded.

You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

DEPT 555
PO BOX 4115
CONCORD CA 94524

ADDRESS SERVICE REQUESTED

RUTH BARRIOS
[redacted]

Make payment payable to Afni, Inc.
Please include Afni Account # on payment.

Pay by Mail | Pay Online | Pay by Phone

Toll Free #: (877) 428-0293
Creditor: [redacted]
Creditor Account #: [redacted]
Afni, Inc. Account #: [redacted]
Balance Due: [redacted]

6 0106217736l 991783 00000029923

REMIT TO:
Afni, Inc.
PO Box 3517
Bloomington, IL 61702-3517



# EXHIBIT D
## AFNI's Collection Letter to Ms. Barrios, October 22, 2021, Excerpt

**Office Address:**
1310 Martin Luther King Drive
PO Box 3517
Bloomington, IL 61702-3517
Monday – Friday 7am-7pm Central

# COLLECTION NOTICE

**NOTICE DATE: October 22, 2021**

**afni.**

Contact us: 🖥 www.afnicollections.com  📞 (877) 859-8781

---

### WHAT IS MY ACCOUNT INFORMATION?

Creditor: ▓

Creditor Account: ▓

Afni, Inc. Account: ▓

BALANCE DUE: ▓

### HOW CAN I MAKE PAYMENT?

Afni accepts payment made via check, money order, check by phone or credit card.

🖥 Pay securely online at
www.afnicollections.com

📞 Call (877) 859-8781

✉ Mail in payment using payment stub below. Checks and money orders should be made payable to Afni, Inc. and should include the Afni account number.

### IMPORTANT INFORMATION

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

All conversations with Afni may be recorded.

---

**RUTH BARRIOS:**

We are making another attempt to contact you regarding your overdue ▓ account. In an effort to resolve this matter we will accept ▓ 55% of the current balance.

***Discounted Offer: $▓

Once you pay this discounted amount, your account will be closed and marked settled in full with Afni, Inc. and ▓

If you have any questions, please contact our office at (877) 859-8781.

---

DEPT 555
PO BOX 4115
CONCORD CA 94524

ADDRESS SERVICE REQUESTED

RUTH BARRIOS
▓

| ✉ Pay by Mail | 🖥 Pay Online | 📞 Pay by Phone |
|---|---|---|

Toll Free #: (877) 859-8781
Creditor: ▓
Creditor Account #: ▓
Afni, Inc. Account #: ▓
BALANCE DUE: ▓

8 01082177361 991783 00000029423

REMIT TO:
Afni, Inc.
PO Box 3517
Bloomington, IL 61702-3517

AFNI-S-1022-1657221324-03564-4225

Page **18** of **18**